On the Merits.
James Adair died in August, 1882, leaving a surviving widow his sole heir.
The estate had two creditors — one who qualified as administrator, E. D. Ooco, and the other, Anatole Ooco, who held certain mortgage notes and vendor’s privilege against the immovable property of the succession.
*924 The only parties who had any interest in the succession, the widow and the two creditors, made an extra judicial settlement of the succession, the result of which is inextricable confusion and a vast amount of unprofitable litigation.
Believing that the succession property would not pay all the debts, it was agreed verbally among themselves that A. Coco was to pay the debts of the succession, for which she was to convey to him in time twenty acres of the immovable property, and she was to retain the persona] property and the balance of the farm property, on which was situated the dwelling and other buildings. This agreement was partially carried out, and a division line made between their properties.
The administrator was instructed not to proceed witn the administration of the succession. A period of six years elapsed. The mortgage notes, it appears from the record, have prescribed, and the administrator, on the application of the widow Adair, is compelled to file an account, which she opposes, and attempts to hold him liable for rents and revenues, etc.
There was judgment adverse to the administrator, from which he ' has appealed. It would be inequitable and unjust to hold him liable in accordance with the judgment appealed from.
What this court said in the succession of Gassie is applicable to this case. Succession of Gassie, 42 An.
We will, therefore, without prejudice to the right of Mrs. T. J. Bonnette, formerly the widow Adair, to have returned to her the real estate now in possession of the succession of Anatole Coco, or his representatives, follow the rule we adopted in the succession of Gassie.
It is ordered, adjudged and decreed that the judgment appealed from be annulled, overruled and reversed, and it is now ordered that the rule obtained against the administrator to file an account be discharged and the application be dismissed, without prejudice to the widow Adair, now Mrs. T. J. Bonnette, to have returned to her in kind whatever property the administrator may have in his possession belonging to her as the sole heir of her husband.
Appellant and appellee equally to pay costs' of appeal.